**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10435 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00452-PMP-CWH-1 |
| v. | |
| THERESA MARCIANTI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted November 16, 2015[**]
San Francisco, California

Before: O'SCANNLAIN and M. SMITH, Circuit Judges and MORRIS,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Federal Rule of Appellate Prodcedure 34(a)(2).

[***]    The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Theresa Marcianti appeals her convictions for bank fraud and wire fraud, 18 U.S.C. §§ 1343–44, aiding and abetting bank fraud and wire fraud, 18 U.S.C. § 2, and conspiracy to commit bank fraud, mail fraud, and wire fraud, 18 U.S.C. § 1349. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

The district court properly rejected Marcianti's motion for a new trial following the government's post-trial disclosure of evidence that could have been used to impeach a government witness. In a criminal proceeding, the prosecution may not suppress evidence favorable to the accused when such evidence is material to determining the defendant's guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Such a duty encompasses impeachment evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985), and applies regardless of whether the defense makes a request for evidence, *United States v. Agurs*, 427 U.S. 97, 107 (1976). To be granted relief under *Brady*, a defendant must demonstrate that the evidence in question was favorable to his case, the government willfully or inadvertently suppressed it, and the suppression prejudiced the defendant. *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013).

The government did not suppress evidence relating to Suzanne McAllister's testimony regarding her engaging in misconduct while working for Jamie Skelton.

2

Before trial, the prosecution shared with the defense McAllister's plea agreement, in which McAllister admitted to taking actions in furtherance of the lending scheme on June 16, 2006, and July 25, 2006—during which time she worked for Skelton. As Marcianti had such evidence available to her before trial and simply failed to make use of it to impeach McAllister's false statement, there was no suppression for *Brady* purposes.

The government's failure to disclose evidence relating to McAllister's tenancy in the home of Lloyd Gardley, a straw buyer in the mortgage scheme, did not violate due process under *Brady* because Marcianti suffered no prejudice as a result. As such evidence was favorable to the defense given its potential use to impeach McAllister, *see Bagley*, 473 U.S. at 676, the prosecution had an "inescapable" duty to disclose it, regardless of whether the government realized that McAllister's statement on the stand was false, *see Kyles v. Whitley*, 514 U.S. 419, 438–39 (1995). However, given the overwhelming evidence presented against Marcianti, which included numerous witnesses and voluminous documents demonstrating fraudulent conduct, Marcianti has failed to demonstrate "that 'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." *Strickler v. Greene*,

527 U.S. 263, 289 (1999). Because the trial produced "a verdict worthy of confidence," *Kyles*, 514 U.S. at 434, there was no *Brady* violation.

## II

The district court did not err in denying Marcianti's motion to reconsider the exclusion of her proposed expert witness. A district court's tentative exclusion of evidence through an in limine ruling may not be challenged on appeal unless the aggrieved party attempted to offer the evidence at trial. *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015). When the district court denied Marcianti's motion to use Ronald Bloecker as an expert witness, it did so without prejudice, advising Marcianti that she would have an opportunity to renew her motion following the government's case in chief; the court even expressed a willingness to preview testimony outside the presence of the jury. Marcianti never took the district court up on its offer. Because Marcianti failed to renew her motion during trial, the district court's order may not be challenged on appeal. *See id*.

**AFFIRMED.**